# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **KEVIN WAYNE VOLZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 2:09-CV-2382-VEH-JEO |
| | ) |
| **HARRY MILES and DR. DAVID MORRISON,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on March 24, 2010, recommending that this cause be dismissed because the statute of limitations bars recovery for the claims alleged, and because plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.[1]  Plaintiff filed a response on April 2, 2010 wherein he objects to the magistrate's findings.[2]   In his response, plaintiff asserts a medical malpractice claim against defendants.  However,  as noted by the

---

[1] Plaintiff alleges that on August 6, 1980, defendant Harry Miles, a social worker, and Dr. David Morrison administered anti-depressant drugs to plaintiff which caused plaintiff to shoot and kill his friend Dovie Hingle.

[2] Construed liberally, plaintiff's response argues that the statute of limitations should be tolled because he recently learned that the drugs administered by defendants are associated with incidents of "aggression and suicide in young people." (Doc. #9, p. 2).  However, because the underlying Eighth Amendment claim fails, the court need not consider the plaintiff's argument that the statute of limitations should be tolled.

magistrate in his report and recommendation, negligent diagnosis or treatment of a non-custodial patient's medical condition does not constitute a wrong under the Eighth Amendment.  *See Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and his recommendation is **ACCEPTED**.  Accordingly, this action is due to be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

A Final Judgment will be entered.

**DONE** this the 19th day of April, 2010.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge